TEX. & PAC. R'Y CO. v. J. W. WEVER.

(No. 1988.)

APPEAL from Bowie County. Opinion by WILLSON, J.

TODD & HUDGINS, counsel for appellant.

No counsel appeared for appellee.

**§ 60. *Warehouseman; extent of liability of; case stated.***
Appellee had shipped to him at New Boston, Texas, over appellant's line of railway, a lot of flour and salt. He paid freight on the goods and received them from the company, executing his receipt therefor. Some of the goods he removed from the depot, but a portion of them, by permission of appellant's agent, he left in appellant's depot, because he did not then have room for them in his store. A few days thereafter the depot and its contents, including these goods, were destroyed by fire. Appellee brought this suit to recover of appellant the value of said goods, $199.75, and recovered judgment for said value and costs. *Held:* Appellant's liability for the goods as a common carrier ceased with the delivery of the goods at the point of destination. Its liability, therefore, must be measured by the rules governing warehousemen. A warehouseman is not liable for goods destroyed by fire unless it be proved that the loss was occasioned by his neglect, or the neglect of his agents, employees or servants, and the burden of making this proof devolves upon the plaintiff. [2 W. Con. Rep. § 36.] A warehouseman is not an insurer. He is only bound to exercise ordinary diligence, or that care which prudent persons usually take of their own property. [W. & W. Con. Rep. § 412.]

**§ 61. *Negligence of warehouseman; sufficient proof of.***
The evidence as to the negligence of appellant's employees in relation to the fire tends to prove that the fire was caused from sparks emitted from one of appellant's passing engines, which sparks ignited cotton on appel-

lant's platform, and the fire communicated therefrom to the depot and consumed it. This engine passed the depot at an unusual rate of speed, and, when immediately opposite the cotton on the platform, emitted a large quantity of sparks, and the cotton was discovered almost immediately to be on fire. *Held*, this evidence sufficiently proved negligence.

November 11, 1885.  Affirmed.